(No. 94-CV-3047—)

DELORIS ARMSTRONG, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 7, 1996.*

DELORIS ARMSTRONG, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

ORDER

SOMMER, C.J.

On September 29, 1993, James Earl Thomas was shot to death on West Jackson in the City of Chicago.

Pursuant to the Crime Victims Compensation Act, a claim was made by Deloris Armstrong, the decedent's aunt, for funeral expenses she had paid. On December 6, 1994, this Court originally denied the application for benefits submitted by the Claimant due to the fact that the Claimant's decedent was participating in gang activity which contributed to his death.

A hearing on the matter was held on August 14, 1995. Submitted during the course of the hearing was the report of the pathologist who conducted an autopsy on Mr. Thomas. In his opinion, the decedent died as a result of multiple gunshot wounds to the body. According to the reports submitted by the Chicago Police Department, the decedent was found at the scene of the shooting in clothes which exhibited gang graffiti and symbolism. A friend of the victim informed the police that Mr. Thomas was a member of the Black Gangster Disciples. That person also indicated that the victim was in that location to talk with another gang about a prior fight. The investigating officers checked the Chicago Police Department records and determined that the victim was a Black Gangster Disciple, with a criminal record. Further investigation by the police confirmed that the victim was at the scene of the shooting because of a prior incident. The man eventually arrested for shooting Mr. Thomas admitted that the motive for the shooting was a previous gang altercation.

It is clear that the victim and the alleged offender in this case were from opposing street gangs. This incident occurred because of their gang affiliation, gang rivalry and previous gang incidents. The victim's conduct and his membership in a gang provoked and contributed to his own death and, therefore, the claim will be denied under 740 ILCS 45/10.1(d), which states that an award may be denied where the decedent provoked and contributed to his own death.

It is therefore ordered that this Court's order of December 6, 1994, is affirmed and the present appeal is denied.