(No. 98-CV-2868— )

*In re* APPLICATION OF HYNETHER RUSSELL &
MILDRED HAMILTON

*Opinion filed March 29, 2001.*

GLEASON & SHREFFLER (DOUGLAS G. SHREFFLER, of
counsel), for Claimants.

JIM RYAN, Attorney General (KIMBERLY PATE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

HESS, J.

This cause is before the Court on a recommendation from a Commissioner of this Court following a hearing. This Court denied Claimants' applications for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), on December 9, 1998, on the basis that the victim's injuries were substantially attributable to, or provoked by, the victim's own wrongful actions as proscribed by section 45/6.1(d) and on the basis that no violent crime as defined by the Act was committed.

Claimant filed a timely request for a hearing, and a hearing was held before Blanche Hill Fawell, a Commissioner of this Court on October 21, 1999.

At the hearing, Claimant, Mildred Hamilton, testified that her son, the victim, did not own a gun and that she had never seen him with a gun. She denied that he belonged to a gang. Hynether Russell, the victim's aunt,

testified that she paid for the victim's funeral by obtaining loans from the Claimant, Mildred Hamilton and other family members. Counsel for Mrs. Hamilton then withdrew her application for reimbursement of funeral expenses. The only claim pending before the Court is an application for reimbursement of $3,495 for funeral expenses to Hynether Russell.

Claimant introduced into evidence diagrams of the scene, an Illinois Department of Corrections inmate form, autopsy report, police reports and supplemental police reports.

Counsel for the Claimants summarized the police reports. He stated that the victim was shot when he and Craig Winn were walking about the street and Winn pulled out a gun and began shooting at another individual across the street. Police officers, who were present, began shooting and the victim was shot in the back as he attempted to escape the gunfire.

Counsel argued that the victim's conduct did not contribute to his death because there is no evidence that he was aware that Winn had a gun or that he would begin shooting. He argued that this claim is eligible for compensation under the Act under the theory of felony murder. He stated that Winn's criminal actions of shooting at another individual across the street caused the police officers to pull out their weapons and shoot which caused the death of the victim when the officer shot him in the back.

The office of the Attorney General argued that the victim was a gang member who was acting as a lookout for Winn and therefore his conduct contributed to his death. They further argued that the felony murder theory did not apply because the police officers who actually shot the victim did not commit any crime, as the shooting was a justifiable shooting in the line of duty.

A review of the numerous police reports leaves no doubt that the victim Michael Russell, a/k/a Michael Davis, was an active member of the Vice Lords street gang. The most important evidence of this are the gang tattoos on both arms of the victim and a third on his left upper shoulder. These tattoos are of a five-pointed star and the Playboy Bunny head. These symbols are well known as symbols of the Vice Lord street gang.

In a statement to law enforcement officials, Craig Winn stated that he is a member of the Vice Lords street gang and that, in the week before the shooting, "there had been a lot of trouble between the Vice Lords and the Gangster Disciple street gang." Specifically, earlier that day some Gangster Disciples had shot at a group of Vice Lords including Winn.

Prior to the shooting in question, Winn had retrieved a gun and then met up with the victim. As they were walking down the street, Winn saw a male whom he recognized as a Gangster Disciple. At this exact moment, the victim dropped back and stayed close to the building. Winn then shot at the Gangster Disciple. As he fired the three shots, the police officers who were directly across the street fired toward Winn hitting the victim.

There is no evidence that the victim had a gun on him. No one can be certain as to whether or not the victim was acting as a lookout for Craig Winn. There is no direct evidence that the victim was actually aware that Winn had a gun on his person.

However, there is strong evidence that the victim was an active member of the Vice Lord street gang and that his death was the result of this involvement in gang activity. Craig Winn admits that he is an active member of the Vice Lords. Despite the victim's mother's testimony that he was not a gang member, the three gang tattoos on his body tell

a different story. The intended shooting victim of Craig Winn, Marrio Morgan, stated to the police that he knew both Winn and the victim to be Vice Lords. Marrio Morgan also told police that "the Vice Lords and the Gangster Disciples have been getting into it for over two months."

The victim and his companion Winn were readily identifiable with the Vice Lords. There had been a recent ongoing dispute with a rival street gang, the Gangster Disciples. Winn's response when he was told that the victim was dead was, "Oh man, we grew up together."

It was this active gang involvement that caused the victim's death. Craig Winn, the victim's friend and companion, pulled out a 22-caliber semi-automatic gun and attempted to murder a rival gang member by shooting across a public street. In an effort to stop the shooting and protect the people in the area, the police officers drew their weapons and fired toward the shooter Craig Winn. Winn was hit and injured. Michael Davis a/k/a Michael Hamilton, the victim in this case, was shot once and died as a result.

The Court has consistently denied an award where the shooting was gang related. (*In re Application of Armstrong* (1996), 48 Ill. Ct. Cl. 657.) In *Armstrong,* the victim's clothing had gang graffiti and symbols. A friend of the victim told police that the victim was a Black Gangster Disciple and was at a certain location to meet with a rival gang to discuss a prior fight when he was murdered. The Court denied the claim on the basis that the shooting was gang related.

The case before the Court has a similar fact pattern. The Court finds that the victim was an active member of the Vice Lords. The strongest evidence of this is the three gang tattoos on the victim's arms and shoulder. This gang membership is confirmed by several witnesses' statements.

Craig Winn, the shooter, was by his own admission an active member of the Vice Lords who was actively seeking retaliation for a gang related shooting earlier that day. Winn and the victim had been friends since childhood.

Based on this active gang activity, the Court finds that the victim's conduct contributed to his death. Having made that finding the Court need not consider whether the theory of felony murder is applicable to this case.

It is hereby ordered that the December 9, 1998, order of this Court, denying Claimant's applications for benefits under the Crime Victims Compensation Act, is affirmed and that this claim is closed.